[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12435
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80242-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE SALGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2020)

Before JILL PRYOR, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Enrique Salgado appeals his 33-month sentence, which the district court imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  Salgado argues that his sentence is substantively unreasonable.  In response, the government contends that Salgado's appeal is barred by the sentence-appeal waiver in his plea agreement.  After careful review, we agree and dismiss this appeal.

Salgado pled guilty pursuant to a plea agreement.  As part of that agreement, he executed a sentence appeal waiver, in which he agreed to waive his right to appeal any sentence imposed, or the manner in which the sentence was imposed, unless the sentence imposed was (1) in excess of the statutory maximum, or (2) the result of an upward departure or variance from the advisory guideline range calculated by the district court at sentencing.  The waiver also provided that, if the government appealed, Salgado would be released from the waiver.  At the change-of-plea hearing, the district court expressly addressed the appeal waiver and its limited exceptions.  Salgado confirmed that he understood both the waiver and the exceptions.  After the district court accepted Salgado's guilty plea, it sentenced him to 33 months' imprisonment, the bottom of the applicable guidelines range, and 3 years' supervised release.

"We review the validity of a sentence appeal waiver *de novo*."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  We will enforce a

2

sentence appeal waiver if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear that "the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. The district court must clearly convey to the defendant the circumstances under which he is giving up the right to appeal. *See id.* at 1352-53. "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). However, we have noted that "[i]n extreme circumstances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999). Nonetheless, "[w]e have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). We apply "a strong presumption that [a defendant's] statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

We conclude that Salgado knowingly and voluntarily waived his right to appeal his sentence. *See Johnson*, 541 F.3d at 1066; *Bushert*, 997 F.2d at 1350.

3

Salgado signed the plea agreement containing the sentence-appeal waiver, and the district court fully informed him about the waiver and its exceptions, after which Salgado confirmed that he understood and agreed to the waiver and its exceptions. *See Bushert*, 997 F.2d at 1352-53.  We apply a strong presumption that Salgado's statements were true.  *See Medlock*, 12 F.3d at 187.

Further, none of the exceptions to the waiver was satisfied here.  Salgado's 33-month sentence and 3-year term of supervised release were not an upward departure or variance above his guideline range, his sentence does not exceed the statutory maximum sentence of 10 years' imprisonment, *see* 18 U.S.C. § 924(a)(2), and the government has not appealed.  Lastly, Salgado's 33-month sentence, imposed within his advisory guideline range, does not constitute the type of extreme due process violation that would necessitate review despite his valid appeal waiver.  *See Howle*, 166 F.3d at 1169 n.5.

Salgado's sentencing challenges are barred by his valid appeal waiver; we therefore dismiss his appeal without addressing the merits of his substantive reasonableness challenge.

**APPEAL DISMISSED.**